# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| HUSSEIN A. YASSINE, | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | EP-20-CV-00199-DCG |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS, | § | |
| EL PASO SPC, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DISMISSING CASE

On this day, the Court *sua sponte* considered this case. On July 6, 2020, *pro se* Petitioner Hussein A. Yassine ("Petitioner") filed this petition for habeas corpus under 28 U.S.C. § 2241 challenging his current detention pending removal proceedings by the United States Immigration and Customs Enforcement ("ICE"). Based on the contents and attachments of his petition,[1] it appears to the Court that Petitioner premises the alleged unconstitutionality of his detention on the United States Citizenship and Immigration Services' ("USCIS") 6-year delay in deciding his application for naturalization and subsequent denial of it in 2009.

As such, although stylized as a petition for a writ of habeas corpus because Petitioner is in the custody of ICE, the Court construes his petition as a suit that seeks review of USCIS's 6-year delay under 8 U.S.C. § 1447(b) and *de novo* review of its denial of Petitioner's application for naturalization under 8 U.S.C. § 1421(c). However, the Court lacks subject matter jurisdiction to entertain Petitioner's claims.

---

[1] A court reviews *pro se* pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But parties proceeding *pro se* must still provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient . . . ." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).

First, Petitioner's claim under § 1447(b) is moot because it no longer presents a live controversy. *In re Matter of Manges*, 29 F.3d 1034, 1038 (5th Cir. 1994) ("Generally, the mootness inquiry centers upon the concern that only live cases or controversies be decided by our courts."). Section 1447(b) "provides district courts the authority to review a naturalization application that has not been decided more than 120 days after an in-person examination." *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007). Here, while the record shows that USCIS did not decide Petitioner's application until October 13, 2009—nearly 6 years after its filing, the record also shows that Petitioner brought the instant action *after* USCIS denied his application. Further, the record indicates that Petitioner never brought a claim under 1447(b) during the pendency of his application, when his claim presented a live controversy. Therefore, Petitioner's claim under § 1447(b) is moot.[2]

And second, while removal proceedings against Petitioner remain pending, 8 U.S.C. § 1429 precludes judicial review under § 1421(c) of USCIS's denial of Petitioner's application for naturalization. "Under . . . § 1429, 'no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding . . . .'" *Saba-Bakare*, 507 F.3d at 340 (quoting 8 U.S.C. § 1429). "Because the Attorney General may not consider an application during removal proceedings, a party must 'wait until the termination of the removal proceedings before either a district court or the USCIS entertains a question regarding his naturalization

---

[2] Petitioner's claim differs from those involved in *Martinez v. Johnson*, 104 F. Supp. 3d 835 (W.D. Tex. 2015) and *Agarwal v. Napolitano*, 663 F.Supp.2d 528 (W.D. Tex. 2009), in which USCIS acted on the plaintiffs' applications after both of them had filed a claim under 1447(b). *See, e.g.*, *Martinez v. Johnson*, 104 F. Supp. 3d 835, 839 (W.D. Tex. 2015) ("Because the agency did not have jurisdiction over Plaintiff's application on June 19, 2014, its denial of that application is void and Plaintiff's § 1447(b) action is not moot."); *Agarwal v. Napolitano*, 663 F.Supp.2d 528, 534 (W.D. Tex. 2009) ("For the foregoing reasons, the Court holds that 8 U.S.C. § 1447(b) vests the district courts with exclusive jurisdiction over naturalization petitions once a suit has been filed. As such, the purported [US]CIS adjudications of the Agarwals' naturalization petitions, issued during the pendency of this suit on May 4, 2009, are void as ultra vires.").

application.'" *Robertson-Dewar v. Mukasey*, 599 F. Supp. 2d 772, 782 (W.D. Tex. 2009) (quoting *Saba–Bakare*, 507 F.3d at 337). Therefore, § 1429 prevents this Court from reviewing the application for naturalization itself or from ordering that Petitioner's to be considered by the Attorney General.

Finally, "[i]f—and only if—Petitioner prevails in his removal proceedings, he may again bring his action in this Court." at 782. "If he does not prevail in removal proceedings, however, this Court may not order him naturalized." *Id.*; *see also* 8 U.S.C. § 1429 ("[N]o person shall be naturalized against whom there is outstanding a final finding of deportability").

Accordingly, **IT IS ORDERED** that Petitioner Hussein A. Yassine's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241" (ECF No. 1) is **HEREBY DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**So ORDERED and SIGNED this 29th day of July 2020.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**